The HONORABLE PETER G. MELOY, District Judge, sitting in place of Mr. Justice Haswell and MR. JUSTICE DALY
(dissenting in part and concurring in part):
The majority opinion grounds the result therein reached on the case of Bentall v. Koenig Brothers, Inc., which approves a clear rule that the officers have no power to act unilaterally except in *319 instances where management authority is placed in such officer and his acts are in the ordinary course of the corporate business. The opinion in the Bentall case specifically holds the note therein involved was in the usual and ordinary course of the corporate business. In the case under consideration here the majority opinion finds no distinction between the note in the Bentall case and the option here. With this conclusion we disagree.
The ordinary course of the business of Edwards, Inc., is that of agriculture and in no sense can we understand that the granting of a lease of acreage to “look for, test, work, mine, excavate, raise, clean, carry away and sell coal”, is in the usual course of the corporate business.
We are mindful of the fact that in the case under consideration the corporate officers signing the lease owned almost all of the corporate stock but they chose to act in a corporate form which would require, in our opinion under the facts of this case, a corporate authority which is not present. To hold otherwise thwarts the legislative intent of the statute and is not consistent with the rule of this Court in such instance. The majority opinion, in our view, adopts a rule that the officer or officers holding a majority of the stock in a corporation can act for the corporation in any instance without action by the Board of Directors.
We do not concur with the majority opinion’s application of the doctrine of estoppel.
We concur in the majority opinion’s conclusion that the publication of a lis pendens was privileged and not subject to a slander of title action.